# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| NATHAN PARKS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 11-1058-CV-W-JTM |
| VISTEON CORPORATION, | ) ) ) |
| Defendant. | ) |

## ORDER APPROVING AND APPORTIONING
## WRONGFUL DEATH SETTLEMENT

After hearing evidence in this matter, this Court finds as follows:

1. Kora Parks died on December 6, 2006, from injuries she received in a single car automobile accident that occurred in Lake Lotawana, Jackson County, Missouri.

2. At the time of her death, Nathan Parks was the spouse of Kora Parks.

3. Nathan Parks brought claims for the wrongful death of Kora Parks against Visteon Corporation, Ford Motor Company, the City of Lake Lotawana, and Jackson County, Missouri. The case was originally brought in Jackson County, Missouri in *Parks v. Ford Motor Company, et al.,* Case No. 0816-CV00669.

4. On May 29, 2009, defendant Visteon Corporation filed for bankruptcy protection.

5. Defendant Visteon Corporation was dismissed without prejudice from the Jackson County, Missouri, case on June 10, 2009, and a claim was filed in the Visteon Corporation bankruptcy proceeding in the United States Bankruptcy Court for the District of Delaware.

6. On August 31, 2010, the Bankruptcy Court entered an order confirming the *Fifth Amended Joint Plan of Reorganization of Visteon Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the United States Bankruptcy Code* (the "Plan"). The Plan became effective on October 1, 2010. The Plan provides for the discharge and release of the Reorganized Debtors from all claims and causes of action that arose on or before October 1, 2010.

7. Claims for the wrongful death of Kora Parks have previously been settled with Ford Motor Company, Jackson County, Missouri and the City of Lake Lotawana, Missouri and the proceeds from those settlements have been distributed to the various beneficiaries entitled to recover for this claim.

7. Elayna Parks was the minor daughter of Kora Parks, deceased.

8. Brady Parks was the minor son of Kora Parks, deceased.

9. Debora M. MacTaggart is the surviving mother of Kora Parks, deceased.

10. There are no other Class I heirs entitled to recover for the wrongful death of Kora Parks, deceased, under Mo. Rev. Stat. §537.80.

11. Plaintiff has employed counsel and thoroughly investigated the facts and circumstances of the occurrence and death of Kora Parks, deceased, the potential causes of action and the potential elements of damages as set forth in Mo. Rev. Stat. §537.090

12. Plaintiff has reached a proposed settlement with defendant Visteon Corporation on behalf of all entitled to recover for the wrongful death of Kora Parks, deceased. The settlement of this claim is in exchange for an allowed unsecured claim against Visteon Corporation under the Plan and shall receive the same treatment as other general, unsecured claims in Class H under the Plan.

13. Under the terms of the Visteon bankruptcy plan, unsecured creditors are being paid at a rate of fifty cents per dollar of the amount of the allowed claim. Therefore, the cash value of the settlement of the claim for the wrongful death of Kora Parks likely is eighty thousand dollars ($80,000.00).

14. Counsel for plaintiff is requesting reimbursement of litigation expenses in the amount of thirty four thousand six hundred fourteen and 34/100 dollars ($34,614.34). The expenses were reasonable and necessary for the prosecution of this action and are approved.

15. Counsel for plaintiff is requesting payment of attorney's fees in this matter in the amount of fifteen thousand three hundred eighty five and 66/100 dollars ($15,385.66). The attorney fees were reasonable and necessary for the prosecution of this action and are approved.

16. The net proceeds to be distributed to the persons entitled to recover for the wrongful death of Kora Parks are thirty thousand dollars ($30,000.00).

17. Based upon all of the facts and circumstances of this case, the proposed settlement is fair, reasonable and in the best interest of those entitled to recover for the wrongful death of Kora Parks. The settlement with Visteon Corporation is approved.

18. Plaintiff has requested apportionment of the net settlement proceeds (after deducting attorneys' fees and litigation expenses) as follows:

    a.    80% to Nathan Parks;

    b.    7.5% to Elayna Parks;

    c.    7.5% to Brady Parks;

    d.    5% to Debora MacTaggart.

19. The distribution percentages proposed in this matter are the same percentages that were used for distribution of the settlement proceeds of the claim against Ford Motor Company.

20. Based upon the facts and circumstances of this case, the requested distribution of the settlement proceeds is fair and reasonable and is approved.

21. Plaintiff requests the money allocated to Elayna Parks and Brady Parks be paid to their father, Nathan Parks. Any such funds will be kept and invested by Nathan Parks in separate accounts for the sole use and benefit of Elayna Parks and Brady Parks. Plaintiff's request is approved and the funds allocated to the claim of Elayna Parks and Brady Parks are to be paid to Nathan Parks to be held solely for the use and benefit of Elayna Parks and Brady Parks.

22. Based upon the evidence presented, there are no other persons entitled to recover for the death of Kora Parks.

23. Based upon the evidence presented, all persons entitled to recover for the wrongful death of Kora Parks have been provided notice of the hearing requesting approval of this settlement.

Accordingly it is **ORDERED** that:

1. Plaintiff's settlement shall be deemed an allowed unsecured claim against Visteon Corporation under the Plan and shall receive the same treatment as other general, unsecured claims in Class H under the Plan.

2. Based upon all the facts and circumstances, the settlement of the claim against Visteon Corporation for the wrongful death of Kora Parks is fair, reasonable, and in the best interest of the persons entitled to recover for the wrongful death of Kora Parks. Nathan Parks is authorized to execute a release of all claims against Visteon Corporation for the wrongful death of Kora Parks.

2. The proceeds of the settlement of the claim for the wrongful death of Kora Parks shall be distributed as follows:

    a. 80% to Nathan Parks;

    b. 7.5% to Elayna Parks;

    c. 7.5% to Brady Parks;

    d. 5% to Debora MacTaggart.

3. Attorney fees in the amount of $15,385.66 shall be paid the Humphrey, Farrington & McClain, P.C. and Shamberg, Johnson & Bergman, Chartered.

4. Litigation expenses in the amount of $34,614.34 shall be paid to Humphrey, Farrington & McClain, P.C. and Shamberg, Johnson & Bergman, Chartered.

5. Upon receipt of payment, Plaintiff shall file with this Court a Notice of Dismissal With Prejudice of all claims against Visteon Corporation for the wrongful death of Kora Parks.

**SO ORDERED**.

June 20, 2012                                         /S/ *John T. Maughmer*
DATE                                                    Honorable John T. Maughmer
                                                            United States Magistrate Judge